670

STORY et al. v. NATIONAL UNION
FIRE INS. CO. OF PITTS-
BURGH.

Civ. 35–779.

District Court, S. D. New York.
April 10, 1947.

Timen & Heller, of New York City (Lawrence S. Timen, of New York City, of counsel), for plaintiffs.

Weintraub & Fass, of New York City, for defendant.

CONGER, District Judge.

Action under an insurance policy to recover the sum of $7,171.66 arising out of a loss sustained by plaintiffs as the result of a fire.

The case was tried to the Court without a jury upon a stipulated statement of facts.

I incorporate here the facts as stipulated without setting them down in full detail. I shall only refer to such facts as are necessary and pertinent for this opinion.

The sole issue is whether the policy in question covered the loss under the circumstances under which it occurred.

The pertinent and determining provision of the policy is contained in Endorsement No. 3 entitled:

"Motor Truck-Merchandise-Policy" and reads as follows:

"This policy covers the legal liability of the Assured as a carrier and/or bailee and/or warehouseman under tariff and/or bill of lading and/or shipping receipt issued by the Assured for direct loss or damage from perils hereinafter specified on shipment of lawful goods and/or merchandise consisting of General Merchandise while loaded for shipment and/or in transit in or on the following described motor truck and/or trucks and/or trailers in the service of the Assured within the United States and Canada.

"Description of Motor Trucks or Trailers."

Then following a list of the trucks and trailers covered. Among those listed was "1936 GMC 9 Ton Semi-Trailer, No. 391." Damage or destruction of the merchandise was one of the perils insured against.

On or about the 4th day of October 1945 this semi-trailer caught fire and the merchandise involved in this dispute and at that time in said semi-trailer was destroyed.

The semi-trailer had not been on active runs since January 25, 1945 and had no license. It was stationary and was used only to store shipments until the merchandise thereon was picked up by an active tractor or trailer.

The destroyed merchandise came into the premises of plaintiffs from various parts of New Jersey and New York on trucks and was placed on the stationary semi-trailer and the same day would be picked up from the semi-trailer by trucks to complete the delivery to designated consignees.

The issue here has to do with the interpretation under the stipulated facts of the underlined portions of the insurance policy set forth above. As I see it this semi-trailer on the day in question was not covered by this policy. It was nothing more than a place of storage, a warehouse or a loading platform.

The goods were not on a tractor for the purpose of being transported on an active trailer. They were actually in storage. Plaintiffs might very well recover upon the theory in which recovery was allowed in

San-Nap-Pak Mfg. Co. Inc. v. Firemen's Insurance Co. of Newark, N.J.Sup., 47 N.Y. S.2d 542. Unfortunately plaintiffs here do not have the type of insurance which would justify it.

The fact that trailer No. 391 was one of the trailers mentioned in the policy as one of the structures covered has no weight. At the time the policy was written it was actually in service and used in the transportation of goods. At the time of the fire it had been withdrawn from service and was nothing more than a warehouse or loading platform maintained on the open lot of plaintiffs for storage and transfer to trailers and/or trucks in actual service.

A different question would be presented if this trailer was in active service at the time of the fire and was idle temporarily awaiting to be connected to a tractor which would take it on its journey.

Complaint of plaintiffs dismissed.

Defendant is entitled to judgment in its favor against plaintiffs.